# Gilmore, Appellant, v. Times Publishing Company.

*Deed—Building restriction—Covenant.*

When an attempt is made to enjoin a property owner from making use of his premises and building thereon in the usual, common and ordinary way, the court must be convinced that he or his predecessor in title has taken the premises by a deed which contains a restriction or condition expressed in clear and certain terms, or which contains a promise, agree- ment, or undertaking on the part of the grantee, clearly expressed, or which contains such terms as have a certain legal operation from which a covenant would necessarily arise.

A deed contained the following provision: " Together with the right to said grantee to keep and maintain windows and openings in the east wall of the building to be erected upon the said lot of ground, at and above the height of ten feet from the level of the present street pavement on Sanson street." *Held*, (1) that a clear restriction of the grantee's right to main- tain windows below the height of ten feet does not expressly and affirma- tively appear, and cannot with certainty be implied. (2) That a bill in equity for an injunction to restrain the continuance of windows below the height of ten feet should be dismissed.

Argued Oct. 16, 1901. Appeal, No. 89, Oct. T., 1901, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec T., 1900,

364      GILMORE, Appellant, *v.* TIMES PUB. CO.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

No. 684, dismissing bill in equity, in case of William J. Gilmore v. The Times Publishing Company. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Bill in equity for an injunction to enjoin the continuance of windows and openings in a wall.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing bill.

*Thomas Diehl,* for appellant, cited: Clark v. Martin, 49 Pa. 289; Orne v. Fridenberg, 143 Pa. 487; National Provincial Bank v. Marshall, L. R. 40 Chan. Div. 112; Savage v. Mason, 3 Cushing, 500; Dunbar v. Jumper, 2 Yeates, 74; Menendez v. Holt, 128 U. S. 514.

*Joseph A. Slattery* and *Joseph Savidge,* for appellee.

Per Curiam, October 28, 1901:

The deed from the plaintiff to the " The Times Publishing Company," to defendant's grantor, contained the following provision: " Together with the right to said grantee to keep and maintain windows and openings in the east wall of the building to be erected upon the said lot of ground at and above 'the height of ten feet from the level of the present street pavement on Sanson street."

As the counsel for the appellant well says, it is unnecessary to cite authorities to prove that a grantor has the right to annex to a conveyance in fee simple such a building restriction as he contends for, and it is undisputed that such covenant or restriction appearing on the face of the title is binding on the assignee of the grantee. But the proposition as stated by the counsel for the appellee must also be acceded to, namely, that when an attempt is made to enjoin a property owner from making use of his premises and building thereon in the usual, common and ordinary way, the court must be convinced that he or his predecessor in title has taken the premises by a deed which contains a restriction or condition expressed in clear and certain terms, or which contains a promise, agreement, or undertaking

on the part of the grantee clearly expressed, or which contains such terms as have a certain legal operation from which a covenant would necessarily arise. The manifest purpose of the clause above quoted was to give the grantee a right, not to restrict its right to use the premises granted in a lawful way. A restriction is not to be implied from the mere fact that the parties out of abundant caution unnecessarily mentioned a right which the grantee would have had if the clause had not been inserted. But we are not disposed to concede that the clause is meaningless and unnecessary, unless it be construed as a covenant not to keep and maintain windows and openings below the height of ten feet from the level of the street. It is unnecessary however to enter into a consideration of the defendant's proposition that without this clause the grantor could not be prevented from erecting a building on his ground which would shut off the light and air, and it was because of this the clause was inserted. It is sufficient for present purposes to say, and we put our decision on that ground, that a clear restriction of the grantee's right to maintain windows below the height of ten feet does not expressly and affirmatively appear, and cannot with certainty be implied. It is perhaps proper to add that under the pleadings no question of a party wall is involved.

Decree affirmed and appeal dismissed at the costs of the appellant.